IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02236-BNB

ABDUR ALI, #14170,

    Plaintiff,

v.

DRILL INSTRUCTOR EGLINGTON,
DRILL INSTRUCTOR ALLUISI,
SGT. BEHR,
CAPTAIN FISHER,
SGT. SHIELDS,
LT. BERNHARDT,
DRILL INSTRUCTOR SODAMANN, and
MAJOR MIKE PERRY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 04 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Abdur Ali, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Ali initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on September 1, 2010. He thereafter paid the filing fee in full. Mr. Ali filed his initial Complaint on September 13, 2010, asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff filed an amended complaint on October 12, 2010.

    The Court will construe the amended complaint liberally because Mr. Ali is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. **See Hall**, 935 F.2d at 1110. For the reasons discussed below, Mr. Ali will be directed to file a second amended complaint.

Mr. Ali alleges that in August 2008, while he was incarcerated at the Buena Vista Correctional Facility and participating in the boot camp program, Defendant Eglington placed a bucket over his head and then threw a basketball at his head and slammed him head first into a wall "causing [his] lip to bust." Compl. at 4. Plaintiff alleges that Defendants Alluisi and Sodamann watched the incident but failed to intervene. The next day, Defendant Eglington ordered Plaintiff to place the bucket over his head again, but Plaintiff refused because he was afraid that Eglington was going to hurt him. Defendant Elgington then charged Plaintiff with disobeying a lawful order. Plaintiff alleges that approximately three weeks later, before his hearing on the disciplinary charge, he was called to Defendant Fisher's office where Defendants Fisher, Shields, and Perry were present. Defendant Major Perry told Plaintiff that if he filed a court action regarding the assault, Perry would tell the Court that Plaintiff was "lying" and would charge him with "fraud." Compl. at 6. Mr. Ali asserts claims against Defendants under § 1983 for violating his Eighth Amendment right to be free from excessive force and his constitutional right to due process of law. He also asserts conspiracy claims under 42 U.S.C. § 1983 and § 1985(3). Plaintiff sues the Defendants for monetary relief.

Mr. Ali fails to allege specific facts to show that Defendants Sgt. Behr, Captain

Fisher, Sft. Shields, and Lt. Bernhardt personally participated in a violation of his constitutional rights. In order to state a claim in federal court, Mr. Ali "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Ali is advised that personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff must therefore show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). Defendants may not be held liable merely because of their supervisory positions. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. **See Dodds v. Richardson**, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also Richardson**, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting **Rizzo v. Goode**, 423 U.S. 362, 371 (1976)).

Mr. Ali is advised that although he must allege specific facts regarding each Defendant's personal participation he must present his claims clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. In order to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Finally, Mr. Ali refers to a "Defendant Bland" in the text of his amended complaint, but he does not name Defendant Bland in the caption of his pleading. If Plaintiff intends to sue Mr. Bland, he must name him as a defendant in the caption and allege specific facts to show how that individual personally participated in a violation of Mr. Ali's constitutional rights. Accordingly, it is

ORDERED that Plaintiff, Abdur Ali, file **within thirty (30) days from the date of this order,** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Ali, together with a copy of this order, two copies of the following form to be used in submitting the Amended Complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Ali fails to file a second amended complaint that complies with this order within the time allowed, the Court will dismiss Plaintiff's

claims against Defendants Sgt. Behr, Captain Fisher, Sgt. Shields, and Lt. Bernhardt for the reasons discussed in this Order.

DATED November 4, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02236-BNB

Abdur Ali
Prisoner No. 14170
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/4/10

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk