IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02236-BNB

ABDUR ALI, #14170,

    Plaintiff,

v.

DRILL INSTRUCTOR EGLINGTON,
DRILL INSTRUCTOR ALLUISI,
SGT. BEHR,
CAPTAIN FISHER,
SGT. SHIELDS,
LT. BERNHARDT,
DRILL INSTRUCTOR SODAMANN, and
MAJOR MIKE PERRY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 26 2011

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Abdur Ali, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated currently at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Ali initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on September 1, 2010. He thereafter paid the filing fee in full. Mr. Ali filed his initial Complaint on September 13, 2010, asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff filed an amended complaint on October 12, 2010.

On November 4, 2010, Magistrate Judge Boland determined that the amended complaint was deficient because it failed to allege the personal participation of all

named Defendants. Accordingly, Magistrate Judge Boland directed Mr. Ali to file a second amended complaint within thirty days. Magistrate Judge Boland warned Mr. Ali that if he failed to file a second amended complaint, some of the Defendants would be dismissed. Mr. Ali did not file a second amended complaint.

The Court must construe the amended complaint liberally because Mr. Ali is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to D.C.COLO.LCivR 8.2C, the Court is required to review the amended complaint because Mr. Ali is a prisoner and the Defendants are officers or employees of a governmental entity. *See also* 28 U.S.C. § 1915A(b)(1). For the reasons stated below, the Court will dismiss the amended complaint in part.

The events giving rise to the amended complaint occurred while Mr. Ali was incarcerated at the Buena Vista Correctional Facility and participating in the boot camp program. Mr. Ali alleges that on August 30, 2008, Defendant Eglington placed a bucket over Plaintiff's head, then threw a basketball at Plaintiff's head and slammed him head first into a wall, "causing [his] lip to bust." Amended Compl. at 4. Plaintiff further alleges that Defendants Alluisi and Sodamann watched the incident but failed to intervene. The next day, Defendant Eglington again ordered Plaintiff to place the

2

bucket over his head, but Plaintiff refused because he was afraid that Eglington was going to hurt him. Defendant Eglington then charged Plaintiff with disobeying a lawful order. Plaintiff alleges that approximately three weeks later before his hearing on the disciplinary charge, he was called to Defendant Fisher's office where Defendants Fisher, Shields, and Perry were present. Defendant Major Perry told Plaintiff that if he filed a court action regarding the assault, Perry would inform the Court that Plaintiff was "lying" and would charge him with "fraud." *Id.* at 6. Mr. Ali claims that the Defendants have violated his Eighth Amendment right to be free from excessive force and his constitutional right to due process of law. He also asserts conspiracy claims under 42 U.S.C. § 1983 and § 1985(3). Plaintiff sues the Defendants for monetary relief.

Mr. Ali fails to allege specific facts to show that Defendants Sgt. Behr, Captain Fisher, Sgt. Shields, and Lt. Bernhardt personally participated in a violation of his constitutional rights. Mr. Ali was advised in the November 4 Order that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff must therefore show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Defendants may not be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, Plaintiff must show an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.

*See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Because Mr. Ali fails to assert that Defendants Sgt. Behr, Captain Fisher, Sgt. Shields, and Lt. Bernhardt personally participated in violating his constitutional rights, those Defendants are improper parties to the action and will be dismissed.

The Court further finds that Mr. Ali's claim against Defendant Major Mike Perry must also be dismissed. Mr. Ali alleges that Defendant Perry threatened him with disciplinary action if Mr. Ali filed a civil rights suit against prison officials regarding the "assault" by Defendant Eglington. "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.1990); *see also Peterson v. Shanks*, 149 F.3d 1140, (10th Cir. 1998). However, according to the amended complaint, the retaliation has yet to occur. Accordingly, Mr. Ali's claim against Defendant Perry will be dismissed without prejudice at this time. Mr. Ali may seek leave of Court to amend his Complaint at a later date to include an unlawful retaliation claim against Defendant Perry if and when there is factual support for the claim.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Ali's Eighth Amendment claims against Defendants Drill Instructor Eglington, Drill Instructor Alluisi, and Drill Instructor Sodamann do not appear

to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. The only remaining Defendants are Defendants Eglington, Alluisi, and Sodamann. All other Defendants will be dismissed as parties to this action. Accordingly, it is

ORDERED that Defendants Sgt. Behr, Captain Fisher, Sgt. Shields, and Lt. Bernhardt are dismissed as parties to this action for lack of personal participation. It is

FURTHER ORDERED that the unconstitutional retaliation claim against Defendant Major Mike Perry is dismissed without prejudice. It is

FURTHER ORDERED that the Clerk of the Court is directed to remove Defendants Sgt. Behr, Captain Fisher, Sgt. Shields, Lt. Bernhardt, and Major Mike Perry as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 26th day of January, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02236-BNB

Abdur Ali
Prisoner No. 141170
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 26, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk