IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02236–LTB–KMT

ABDUR ALI, #14170,

     Plaintiff,

v.

DRILL INSTRUCTOR EGLINGTON,
DRILL INSTRUCTOR ALLUISI, and
DRILL INSTRUCTOR SODAMANN,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

     This case comes before the court on Defendants' "Motion to Dismiss." (Doc. No. 27 [Mot.], filed April 7, 2011.) Plaintiff did not file a response. The motion is ripe for review and recommendation.

## STATEMENT OF THE CASE

     The following description is taken from the District Court's Order dated January 26, 2011 (Doc. No. 21.)[1] The events giving rise to this prisoner civil rights suit occurred while Plaintiff was incarcerated at the Buena Vista Correctional Facility and participating in a boot

---

[1] The court dismissed Defendants Behr, Fisher, Shields, and Bernhardt and the single claim against Defendant Perry. Thus only Defendants Eglington, Alluisi, and Sodamann remain.

camp program.  Plaintiff alleges that on August 30, 2008, Defendant Eglington placed a bucket

over Plaintiff's head, then threw a basketball at Plaintiff's head and slammed him head first into

a wall, "causing [his] lip to bust."  (Amend. Compl. at 4.)  Plaintiff also alleges that Defendants

Alluisi and Sodamann watched the incident but failed to intervene.  The next day, Defendant

Eglington again ordered Plaintiff to place the bucket over his head, but Plaintiff refused because

he was afraid that Eglington was going to hurt him.  Defendant Eglington then charged Plaintiff

with disobeying a lawful order.  Plaintiff claims that Defendants violated his Eighth Amendment

right to be free from excessive force and his right to due process.  He also asserts conspiracy

claims under 42 U.S.C. §§ 1983 and 1985(3).  Plaintiff sues Defendants for monetary relief.

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)[2] on the

grounds that Plaintiff's claim is barred by the applicable statute of limitations.  (Mot. at 2-3.)

## LEGAL STANDARD

*1.*    **Pro Se** *Plaintiff*

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers

liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

---

[2] Although Defendants purport to invoke Fed. R. Civ. P. 12(b)(6), they provide the standard for dismissal under Fed. R. Civ. P. 12(b)(1).  The court determines that Fed. R. Civ. P. 12(b)(6) is the applicable standard.  *See Cosgrove v. Kansas Dept. of Social and Rehabilitation Servs.*, 332 F. App'x 463, 465 (10th Cir. 2009) (noting that, although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished") (citing  *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (declining to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

**2.      *Failure to State a Claim Upon Which Relief Can be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citations omitted). "To survive a motion to dismiss, a complaint must contain

3

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the

plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Id.*  The *Iqbal* evaluation requires two prongs of analysis.

First, the court identifies the allegations in the complaint that are not entitled to the assumption

of truth, that is, those allegations which are legal conclusion, bare assertions, or merely

conclusory.  *Id*. at 1949-51.  Second, the Court considers the factual allegations "to determine if

they plausibly suggest an entitlement to relief."  *Id*. at 1951.  If the allegations state a plausible

claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting

factual averments.  *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949 (citing

*Twombly*, 550 U.S. at 555).  Moreover, "[a] pleading that offers 'labels and conclusions' or a

formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citation

omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"

*Id.* (citations omitted).

## ANALYSIS

The applicable state statute of limitations provides the limitations period for § 1983 actions. *Gee v. Pacheco*, 627 F.3d 1178, 1189-90 (10th Cir. 2010). In Colorado, civil rights claims brought pursuant to 42 U.S.C. § 1983 are governed by the two-year statute of limitations contained in Colo. Rev. Stat. § 13-80-102. *See* Colo. Rev. Stat. § 13-80-102(1)(g). Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

The basis for Plaintiff's complaint is that, on August 30, 2008, Defendant Eglington allegedly used excessive force against him by placing a bucket over his head and throwing a basketball at his head and then slamming him head first into a wall. Plaintiff alleges that Defendants Alluisi and Sodamann watched but did not intervene. The court concludes that Plaintiff knew or had reason to know of his claims on August 30, 2008.

Defendants contend that Plaintiff filed his complaint on September 13, 2010. (Mot. at 3.) While the Court directed the clerk to commence the civil action on September 13, 2010 (Doc. No. 2), Plaintiff submitted two motions for leave to proceed *in forma pauperis* on September 1, 2010. (Doc. Nos. 1 and 2.) Generally, a complaint is filed when it is tendered to the Clerk with a motion to proceed *in forma pauperis*. *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994). However, in this case, Plaintiff ultimately paid the filing fee. (Doc. No. 13.) The court need not determine whether Plaintiff filed suit on September 1 or September 13, as even using the earlier date of September 1, Plaintiff filed suit two years and two days after his claim accrued. Plaintiff has not responded to the Motion to Dismiss or made any arguments for

5

equitable tolling.  Accordingly, Plaintiff's excessive force claims against Defendants Eglington, Alluisi, and Sodamann are barred by the applicable statute of limitations.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that on Defendants' "Motion to Dismiss" (Doc. No. 27) be GRANTED and this matter be dismissed with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 29th day of July, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge